IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| NEGUS-SONS, INC., | ) |
| | ) CASE NO. BK09-82518-TJM |
| Debtor(s). | ) A11-8091-TJM |
| RICK D. LANGE, Chapter 7 Trustee, | ) |
| | ) |
| Plaintiff, | ) CHAPTER 7 |
| | ) |
| vs. | ) |
| | ) |
| SEAN NEGUS CONSTRUCTION, LLC, and | ) |
| SEAN NEGUS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 15) and resistances by the defendants (Fil. Nos. 31 and 35). Brian S. Kruse represents the plaintiff, and David G. Hicks represents the defendants. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The debtor was a construction company. It was founded by the late Calvin Negus. Various Negus family members owned stock in the corporation, served as officers and directors, and worked for the company. Some also had their own business interests in the construction industry. The Chapter 7 trustee of the Negus-Sons, Inc., bankruptcy case filed this adversary proceeding to avoid and recover nearly $200,000 in alleged preferential and fraudulent transfers under 11 U.S.C. §§ 547 and 548 and state law from Calvin Negus's grandson and his construction company. The defendants assert that the transfers were payments for services rendered or work performed and are not avoidable. The trustee now moves for summary judgment on the preference issue.

The motion is denied.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658,

2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The Eighth Circuit Court of Appeals has explained the purpose and elements of the avoidance of preferential transfers:

> "Under the Bankruptcy Code's preference avoidance section, 11 U.S.C. § 547, the trustee is permitted to recover, with certain exceptions, transfers of property made by the debtor within 90 days before the date the bankruptcy petition was filed." Barnhill v. Johnson, 503 U.S. 393, 394, 112 S. Ct. 1386, 118 L. Ed. 2d 39 (1992). "This rule 'is intended to discourage creditors from racing to dismember a debtor sliding into bankruptcy and to promote equality of distribution to creditors in bankruptcy.'" Lindquist v. Dorholt (In re Dorholt, Inc.), 224 F.3d 871, 873 (8th Cir. 2000) (quoting Jones Truck Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund (In re Jones Truck Lines, Inc.), 130 F.3d 323, 326 (8th Cir. 1997)).
> "Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation." Buckley v. Jeld-Wen, Inc. (In re Interior Wood Prods. Co.), 986 F.2d 228, 230 (8th Cir. 1993). The trustee must establish each of these elements by a preponderance of the evidence. Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.), 247 B.R. 463, 466 (8th Cir. B.A.P. 2000).

Wells Fargo Home Mortgage, Inc. v. Lindquist, 592 F.3d 838, 842 (8th Cir. 2010).

Here, the trustee alleges that both defendants are insiders of the debtor, which permits him to recover preferential transfers occurring within one year before the petition date. § 547(b)(4)(B). Because the debtor is a corporation, the term "insider" includes the debtor's officers, directors, persons in control of the debtor, and relatives of a director, officer, or person in control of the debtor. § 101(31)(B). The definition in the Bankruptcy Code is illustrative, not exclusive. In re Eccles, 393 B.R. 845, 855-56 (Bankr. W.D. Mo. 2008); § 102(3). Even if a creditor does not fall into one of these categories, that creditor may nevertheless be considered an insider if its dealings with the debtor are not at arms' length. Id.; Stalnaker v. Gratton (In re Rosen Auto Leasing, Inc.), 346 B.R. 798, 804 (B.A.P. 8th Cir. 2006). The appellate court noted that involvement in the day-to-day business of a debtor may elevate a creditor to insider status. Id. (citing Carlson v. Farmers Home Admin. (In re Newcomb), 744 F.2d 621, 625 n.4 (8th Cir. 1984)). "However, the creditor would have to exert control over the debtor before gaining insider status. The ability of a creditor to compel payment of a debt is insufficient control to render the creditor an insider." Id. The determination of insider status

is a mixed question of law and fact. Stalnaker, 346 B.R. at 803.

The following facts are uncontroverted or established by the evidence:

1. Rick D. Lange is the duly appointed and qualified Chapter 7 bankruptcy trustee with regard to the bankruptcy case of Negus-Sons, Inc., Case No. BK09-82518, which the debtor filed as a Chapter 11 case on September 23, 2009, and which was converted to a Chapter 7 case on February 18, 2010.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 547, 548, 550, and 551. This court has the authority to grant the relief requested herein. This is a core proceeding pursuant to, without limitation, 28 U.S.C. §157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

3. The trustee has the authority and duty to prosecute and collect all avoidance and preferential transfers.

4. Sean Negus is an insider of the debtor pursuant to 11 U.S.C. § 101(31).

5. Sean Negus Construction, L.L.C., ("SNC") is a Nebraska limited liability company doing business in the State of Nebraska. Sean Negus is the manager of, sole member of, and by virtue thereof, controls SNC.

6. Sean Negus received transfers of money from the debtor within one year of the debtor's petition date, including, but not limited to, those transfers identified in Exhibit A attached to the plaintiff's complaint.

7. SNC received transfers of money from the debtor within one year of the debtor's petition date, including, but not limited to, those transfers identified in Exhibit B attached to the plaintiff's complaint.

With regard to the insider element, the trustee has submitted the debtor's corporate tax returns for 2007 and 2008, which list Sean Negus as an officer who owned 9.7 percent of the company's common stock and devoted 100 percent of his time to the business. The company's 2008-09 domestic corporation occupation tax report filed with the Nebraska Secretary of State identified Sean Negus as one of the company's directors. In contrast, Sean Negus and his father, Jeff Negus – the manager and secretary of the debtor – both attest by affidavit that Sean has never owned Class A voting stock in or played an active role in the governance, management, or operational decision-making of the debtor. They concede he was listed in documentation as a corporate director but was not aware of that designation.

Despite the defendants' efforts to create a factual issue, the facts clearly indicate that Sean Negus is an insider under the provisions of the Bankruptcy Code. Regardless of his involvement –

or lack thereof – in the operation of the debtor's business, he is related to a person or persons who were directors, officers, or in control of the debtor. See § 101(45) for the Code's definition of a relative.

SNC performed work as a subcontractor for the debtor in addition to working on its own projects, and it rented equipment to the debtor on certain projects. Sean also used his personal gasoline credit card to buy fuel for the debtor's vehicles. According to the affidavits of Sean and Jeff Negus, the debtor would pay Sean and SNC for the fuel and the use of SNC's equipment when the debtor received payment at the completion of a project.

Under the Bankruptcy Code, an insider is one whose relationship with the debtor is so close that his conduct should be scrutinized closer than one who deals at arms' length with the debtor. Newcomb, 744 F.2d at 625 n.4 (quoting H.R. Rep. No. 95-595 at 312, *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6269; S. Rep. No. 95-989 at 25, *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5810).

On this record, questions of fact exist as to whether SNC's conduct rendered it an insider of the debtor. The defendants admittedly undertook efforts to help the debtor stay in business during a period of tight cash flows, as they claim other subcontractors also did. Whether Sean's connection to the debtor caused the defendants to receive more favorable treatment than other creditors is a factual issue.

Even if the trustee establishes the elements of a preference, the defendants assert the affirmative defenses set forth in § 547(c). While the joint preliminary pretrial statement raises only the "ordinary course of business" defense in § 547(c)(2), the defendants' resistance to the summary judgment motion includes the "contemporaneous exchange for new value" defense of § 547(c)(1), the "subsequent new value" defense of § 547(c)(4), and the earmarking doctrine.

A preferential transfer is not avoidable under § 547(c)(1) if the transferee can show that (1) both parties intended the provision of goods and services to the debtor and the payment of money to the transferee to be a contemporaneous exchange, (2) the exchange was in fact substantially contemporaneous, and (3) the exchange was for new value. Silverman Consulting, Inc. v. Canfor Wood Prod. Mktg. (In re Payless Cashways, Inc.), 306 B.R. 243, 249 (B.A.P. 8th Cir. 2004). "In simplest terms, a defendant makes its case under this provision by proving that the debtor received new value in exchange for the payment in question, and that both debtor and creditor intended such an exchange." Id. (quoting Manty v. Miller & Holmes, Inc. (In re Nation–Wide Exch. Serv., Inc.), 291 B.R. 131, 149–50 (Bankr. D. Minn. 2003)).

A preferential transfer is not avoidable under § 547(c)(2) if the transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee and made either in the ordinary course of business or financial affairs of the debtor and the transferee or according to ordinary business terms. Courts have established a four-part test to assist in the ordinary course of business analysis: (1) the length of time the parties were engaged in

the transactions at issue; (2) whether the amount or form of tender differed from past practices; (3) whether the debtor or the creditor engaged in any unusual collection or payment activity; and (4) whether the creditor took advantage of the debtor's deteriorating financial condition. Concast Canada, Inc. v. Laclede Steel Co. (In re Laclede Steel Co.), 271 B.R. 127, 131 n.3 (B.A.P. 8th Cir. 2002).

A preferential transfer is not avoidable under § 547(c)(4) if (1) the creditor received a transfer that is otherwise avoidable as a preference under § 547(b); (2) after receiving the preferential transfer, the creditor advanced new value to the debtor on an unsecured basis; and (3) the debtor did not compensate the creditor with an "otherwise unavoidable" transfer for the new value as of the petition date. Shodeen v. Airline Software, Inc. (In re Accessair, Inc.), 314 B.R. 386, 395 (B.A.P. 8th Cir. 2004).

When new funds are provided by a new creditor to or for the benefit of the debtor for the purpose of paying the obligation owed to an old creditor, the funds are said to be "earmarked" and the payment is held not to be a voidable preference. McCuskey v. Nat'l Bank of Waterloo (In re Bohlen Enter., Ltd.), 859 F.2d 561, 565 (8th Cir. 1988).

The application of these defenses "require[s] a peculiarly factual analysis." Schnittjer v. Nazbro, Inc. (In re Hung), 387 B.R. 766, 768 (Bankr. N.D. Iowa 2008). While the defendants have not produced documentation to support their "ordinary course of business" defense in response to the trustee's discovery requests, the expanded scope of the defense undertaken by defendants' present counsel appears to point to a need for the parties to regroup and assess what exactly needs to be litigated here. To that end, this motion for summary judgment on the preference issue will be denied. The parties may reopen discovery if warranted, and they may file an amended joint preliminary pretrial statement, as necessary, within 30 days from the date of this order.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 15) is denied.

DATED:     May 11, 2012

                                            BY THE COURT:

                                            /s/ Timothy J. Mahoney
                                            United States Bankruptcy Judge

Notice given by the Court to:
    *Brian S. Kruse
    David G. Hicks
    U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.